Matthew J. Geragos    SBN 153390
GERAGOS LAW GROUP
888 West 6th Street, Suite 1100
Los Angeles, California 90017
Tel:  213.232.1363
Fax: 888.800.2949
matthew@geragoslaw.com

Reza Sina         SBN 250428
SINA LAW GROUP
3727 W. Magnolia Blvd. #277
Burbank, California 91505
Tel: 310.957.2057
reza@sinalawgroup.com

Attorneys for Plaintiff TESSA NESIS
on Behalf of Herself and All Others Similarly Situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TESSA NESIS on Behalf of Herself and All Others Similarly Situated, and the General Public and Acting in the Public Interest,<br><br>Plaintiff,<br><br>vs.<br><br>DO LAB, INC.; JASON FLEMMING a/k/a DEDE FLEMMING; JESSE FLEMMING; JOSH FLEMMING; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. RESCISSION (CAL. CIV. CODE § 1689);<br>2. VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CIV. CODE § 1750 *ET SEQ*.); AND<br>3. UNLAWFUL BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200, *ET SEQ*.).<br><br>JURY TRIAL DEMANDED |

Plaintiff, on behalf of herself and all others similarly situated, based on information and belief, states as follows for her complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this class action to recover damages and other relief on behalf of herself and the Class who were all denied any refunds for their passes/tickets purchased for the 2020 *Lightning In A Bottle* music festival ("LIB") by Do Lab, Inc. ("DLI") and its owners, Jason "Dede" Flemming, Jesse Flemming, and Josh Flemming (collectively, "Defendants").

2. Specifically, Defendants violated California law and engaged in deceptive and unfair practices by including unconscionable terms in their Terms and Conditions ("Terms") and not providing Plaintiff and the Class any refunds despite cancelling LIB. As a result, Plaintiff brings this class action to recover the damages due to Plaintiff and the following Classes (referred to as, "the Class" or "Class Members"):

> **General Class**: *All individuals residing in the United States that purchased one or more passes/tickets to LIB.*
>
> **Subclass**: *All individuals residing in the United States that purchased one or more passes/tickets to any of Defendants' events in the last four years that contain a similar or identical Refund Policy.*

3. "Passes/tickets" include general admission passes, VIP passes, car and RV camping passes, boutique camping passes, lightning bus passes, and all other forms of admission relative to LIB.

## PARTIES

4. Plaintiff Tessa Nesis is a resident of the State of Illinois. At all relevant times, Plaintiff purchased one or more passes/tickets to LIB.

5. Defendant Do Lab, Inc. ("DLI" or "Defendant") is a corporation organized under the laws of the State of California with its principal place of business at 1024 Santee Street, Suite 600, Los Angeles, California, 90015. At all

relevant times, DLI was doing business throughout the United States and the State of California.

6. Defendants Jason "Dede" Flemming, Jesse Flemming, and Josh Flemming (collectively, "The Flemmings") are each individuals residing in Los Angeles County. At all relevant times, The Flemmings were principals, officers, owners or managing agents of DLI.

7. Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "defendants," "Defendants," or a specifically named Defendant refers also to all Defendants sued under fictitious names.

8. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOE took part in and participated with Defendants in all matters referred to herein and was in some manner responsible for the injuries and losses suffered by Plaintiff.

9. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent, servant and/or employee or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendants has ratified, consented to, and approved the acts of his/her/its agents, employees, and representatives, and that each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in this Complaint.

CLASS ACTION COMPLAINT

## ALTER EGO

10. The Flemmings were doing business as DLI and DLI is an alter ego of The Flemmings in that there is such a unity of interest between the DLI and The Flemmings that they are indistinguishable from one another. At all times, The Flemmings formulated, directed, controlled, had the authority to control, and/or participated in the acts and practices set forth in this complaint and received a direct financial benefit from them. As such, an inequitable result would occur if The Flemmings and DLI are not treated as one and the same.

11. In fact, The Flemmings have absconded with millions of dollars from passes/ticket sales compromising of monies belonging to Plaintiff and the Class and used that money for purposes other than LIB. LIB was not to take part until end of May 2020. Yet, the Flemmings would have the Class believe that they sold 10,000-20,000 tickets and somehow expended all of that money by March 2020, nearly three months before LIB was to take place. The Flemmings, Plaintiff believes, are laying the groundwork to dissolve and/or reinvent DLI as a separate entity so as to avoid all obligations of DLI and abscond with monies belonging to the Class.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive on interest and costs.

13. This Court has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of the Court and Defendants are citizens of this State and systematically and continually have conducted and continue to conduct business in the County of Los Angeles and the State of California. Defendants also own and maintain substantial assets in the County of Los Angeles and the State of California.

14. Venue is proper within this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the acts, conduct, events or omissions occurred within the State of California, within Los Angeles County, and because the Defendants transact business with consumers who reside in Los Angeles County and the State of California.

## FACTUAL BACKGROUND

15. Since 2004, DLI has been in the business of event production.

16. DLI holds an annual event called *Lightning In A Bottle* ("LIB"), which usually takes place in May.

17. The Flemmings characterize DLI -- which is a multimillion dollar event planning and production company -- as a small, family business run by The Flemmings.

18. Each year, The Flemmings, through DLI, offer for sale a variety of passes/tickets to experience LIB. The passes/tickets include, but are not limited to general admission, VIP, car camping, RV camping, boutique camping, lightning bus, etc.

19. Over the years, LIB has grown tremendously in popularity and scope— **and now greed**. What started as an 800-person event in 2004 has developed into a 25,000-plus person event and continues to grow. Whereas DLI used to rent space to certain food and service vendors, the corporation now offers these services itself. In addition to ticket sales revenue, the corporation earns incomes from its own sale of food, drink, alcohol, upscale camping, RV passes, merchandise, showers and more.

20. In March 2020, in light of the COVID-19 crisis, LIB was cancelled. Unlike other event production companies and concert holders, however, Defendants greedily and steadfastly refuse to refund any refunds at all for the 10,000-20,000 passes/tickets sold.

21. In addition, the Refund Policy in the Terms includes unconscionable and illusory terms and conditions:

REFUNDS AND EXCHANGES

ALL SALES ARE FINAL. NO REFUNDS WILL BE GRANTED FOR ANY REASON. EVENT DATE AND TIME SUBJECT TO CHANGE. ALL RIGHTS RESERVED. IF THE EVENT FOR WHICH THIS TICKET IS ISSUED IS RESCHEDULED OR CANCELLED, THE HOLDER SHALL NOT BE ENTITLED TO A REFUND EXCEPT AS OTHERWISE REQUIRED BY LAW. INSTEAD, THE HOLDER SHALL HAVE THE RIGHT, EXCEPT AS OTHERWISE PROVIDED, (1) IF THE EVENT IS RESCHEDULED TO A DATE AND TIME WITHIN TWELVE MONTHS OF THE DATE AND TIME ORIGINALLY SCHEDULED, TO USE THIS TICKET TO ATTEND THE EVENT AT THE RESCHEDULED DATE AND TIME, OR (2) IF THE EVENT IS NOT RESCHEDULED WITHIN TWELVE MONTHS OF THE DATE AND TIME ORIGINALLY SCHEDULED, TO EXCHANGE THIS TICKET TO ANOTHER EVENT THAT IS DESIGNATED BY MANAGEMENT AS THE OFFICIAL REPLACEMENT EVENT FOR THE CANCELLED EVENT.

22. Under California Law, a contract is unenforceable as illusory when one of the parties has the unfettered or arbitrary right to modify or terminate the agreement or assumes no obligations thereunder. (*Asmus v. Pacific Bell* (2000) 23 Cal.4th 1, 15-16.)

23. Defendants' Terms render the contract between Defendants and the purchasers illusory because Defendants retain complete and unfettered control to modify or terminate the agreement without assuming any obligations towards Plaintiff and the Class.

24. Plaintiff and the Class performed all obligations and conditions required of them.

CLASS ACTION COMPLAINT

## CLASS ALLEGATIONS

25. <u>Description of the Class</u>: Plaintiff brings this Class action on behalf of themselves and the Classes defined as follows:

> **General Class**: *All individuals residing in the United States that purchased one or more passes/tickets to LIB.*
>
> **Subclass**: *All individuals residing in the United States that purchased one or more passes/tickets to any of Defendants' events in the last four years that contain a similar or identical Refund Policy.*

26. Excluded from the Classes are governmental entities, any entity in which Defendant had a controlling interest, and Defendant's officers, directors, and salaried and exempt employees. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

27. Plaintiff reserves the right to modify the Classes' description and the Classes' period based on the results of discovery.

28. <u>Numerosity</u>: The proposed Classes are so numerous that individual joinder of all its members is impracticable. As the factual allegations demonstrate, thousands of persons are members of the Classes. While the exact number and identities of the members of the Classes are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the members of the Classes in a single class action will provide substantial benefits to all parties and to the Court.

29. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to the representative Plaintiff and the Classes, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

     a.    Whether Defendants' Refund Policy is illusory or includes unconscionable terms;

     b.    Whether Defendants' Refund Policy violates the CLRA;

     c.    Whether Defendants engaged in unlawful, unfair, or fraudulent business practices in violation of Business and Professions Code § 17200 *et seq.*;

     d.    The nature and extent of damages, restitution and disgorgement, and other remedies to which Plaintiff and the members of the Classes are entitled.

30. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff and all members of the Classes have been similarly affected by Defendant's common course of conduct which failed to provide Plaintiff and the Classes rest and meal periods.

31. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interests adverse to those of the Classes.

32. <u>Superiority of a Class Action</u>: Plaintiff and the members of the Classes suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual joinder of all members of the Classes is impractical. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single

court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the Classes. Furthermore, for many, if not all, class members, a class action is the only feasible mechanism that allows them an opportunity for legal redress and justice.

33. Adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## FIRST CAUSE OF ACTION
## RESCISSION (CAL. CIV. CODE § 1689)
### (Against All Defendants)

34. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of himself and the Classes.

35. Plaintiff and the Class seek, pursuant to Civil Code § 1689(b), to rescind the agreements and contracts relative to the passes/tickets on the following grounds: "(3) If the consideration for the obligation of the rescinding party becomes entirely void from any cause; . . . (4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause; . . . (6) If the public interest will be prejudiced by permitting the contract to stand;" and other causes and grounds according to proof.

36. Because the consideration due Plaintiff and the Class has failed, Plaintiff and the Class are entitled to the return of all monies paid to Defendants and request the same by way of compensatory damages. (Civ. Code § 1691.)

37. Plaintiff and the Class intend service of the summons and complaint in this action to serve as notice of rescission of the Agreement.

# SECOND CAUSE OF ACTION

# VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT

# (CIVIL CODE § 1750 *ET SEQ*.)

**(Against All Defendants)**

38. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of himself and the Classes.

39. Defendants are a "corporations" as defined by California Civil Code section 1761(c). Plaintiff and Class members are "consumers" within the meaning of California Civil Code section 1761(d).

40. Plaintiff's acts of purchasing passes/tickets sold by Defendants constitute a "Transaction" pursuant to the California Consumer Legal Remedies Act ("CLRA").

41. Defendants violated, and continue to violate, the CLRA by uniformly and affirmatively representing "that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law" and including unconscionable provisions in the Terms. (Civ. Code, §§ 1770(a)(14) and (19).)

42. Plaintiff and the Class suffered actual damages as a direct and proximate result of Defendants' actions and representations in violation of the CLRA.

43. Plaintiff, on behalf of himself and for all similarly situated, demand judgment against Defendants under the CLRA for injunctive relief that prevents further inclusion of unconscionable provisions in the Defendants' Terms. In addition, they demand an award of attorneys' fees pursuant to California Civil Code section 1780(d). Plaintiff will amend this Complaint to include a claim for damages after providing Defendants with the required Civil Code § 1782 notice.

44. Plaintiff and the Class are also entitled to an award of attorneys' fees and costs.

45. Plaintiff and the Class are also entitled to an award of punitive damages pursuant to the CLRA. (Civ. Code, § 1780(a)(4).)

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200 *ET SEQ.*

### (Against All Defendants)

46. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of herself and the Classes.

47. This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to California Business and Professions Code section 17200 *et seq.* which provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

48. Defendants' above-described deceptive and misleading acts and practices have deceived and/or are likely to deceive Plaintiff and other Class members.

49. Plaintiff and the Classes were, in fact, deceived as to the terms and conditions of services provided by Defendants.

50. The actions described herein constitute a violation of California Business and Professions Code section 17200, *et seq.* Specifically, Defendants have engaged in acts in violation of law, including, but not limited to violations of Business and Professions Code section 17200 *et seq.*, and California Civil Code §§ 1770 (a (14) and (19).

51. Plaintiff and Class members have suffered actual harm as a result of Defendants' misrepresentations and/or omissions. Plaintiff and the Class have

suffered injury in fact and have lost money as a result of such unfair and unlawful business practices. Such injuries and losses include, but are not limited to, the full value and amounts paid for the passes/tickets.

52. Plaintiff and the Class seek restitution, injunctive relief and all other relief from Defendants allowed under §17200, *et seq.* Plaintiff and the Class also seek attorneys' fees pursuant to Cal. Code Civ. Proc. §1021.5, as well as such other and further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Classes request that the Court enter an order or judgment against the Defendants as follows:

1. Certification of the Class and appointment of Plaintiff as Class Representative and her counsel of record as Class Counsel;

2. Adjudge and decree that each Defendant has engaged in the conduct alleged herein;

3. Enjoin and restrain each Defendant and their officers, agents, servants and employees, and those in active concert or participation with them, from continuing or engaging in such conduct or other conduct having similar purpose or effect;

4. For injunctive relief prohibiting the violations of the Consumers Legal Remedies Act alleged in the complaint unless and until such time as the complaint is amended to include claims for damages pursuant to the notice and time limitations provided for by California Civil Code 1780(b);

5. Award to Plaintiff and the Classes attorneys' fees and other costs of suit to the extent permitted by law;

6. Award general and special damages, according to proof;

7. Award of punitive damages;

8. Award restitution and all other relief allowed under §17200, *et seq.* to Plaintiff and the Classes; and

As to all causes of action, such other and further relief as the Court may deem just and proper.

Dated: April 14, 2020          GERAGOS LAW GROUP
                               SINA LAW GROUP

                               By: _____
                                   MATTHEW J. GERAGOS
                                   Attorney for Plaintiff and the Classes

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

Dated: April 14, 2020          GERAGOS LAW GROUP
                               SINA LAW GROUP

                               By: _____
                                   MATTHEW J. GERAGOS
                                   Attorney for Plaintiff and the Classes